UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEJANDRO RAMIREZ LOZANO,

    Petitioner,

v.                                                Case No.:  8:11-cv-75-T-24EAJ
                                                                             8:06-cr-465-T-24EAJ

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

        This cause is before the Court upon Petitioner Lozano's motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255.  (CV Doc. No. 1; CR Doc. No. 153).  Because a review of the motion and the record in this case conclusively shows that Petitioner is not entitled to relief, the Court will not cause notice thereof to be served upon the United States Attorney and shall proceed to address the matter.

**I.  Background**

        On February 14, 2007, Petitioner was charged in two counts of a Superseding Indictment. (CR Doc. No. 50).  In Count One, he was charged with conspiracy to posses with intent to distribute cocaine while on a vessel subject to the jurisdiction of the United States.  In Count Two, he was charged with possession with intent to distribute cocaine while on a vessel subject to the jurisdiction of the United States.

        Petitioner pled guilty to the charges and was sentenced to 135 months of imprisonment on May 25, 2007.  (CR Doc. No. 93).  He appealed his conviction and sentence, and the Eleventh

Circuit affirmed it on September 25, 2008.  (CR Doc. No. 147).

On January 7, 2011–more than two years after the Eleventh Circuit's decision–Petitioner submitted the instant § 2255 motion to prison authorities for mailing.  However, because the § 2255 motion is untimely, the Court denies it without reaching the merits of the grounds for relief asserted therein.

## II.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Jones v. U.S., 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

Petitioner unsuccessfully appealed his conviction to the Eleventh Circuit, and under such circumstances, a conviction becomes final when the Supreme Court affirms the conviction, denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires. See Clay v. U.S., 537 U.S. 522, 527 (2003).  Petitioner has not stated that he filed a certiorari petition, and as such, his conviction became final when the time for filing a certiorari petition

expired on December 24, 2008.¹ Accordingly, he was required to file his § 2255 motion by December 24, 2009 in order for it to be timely filed.

Petitioner did not submit the instant § 2255 motion to prison authorities for mailing until January 7, 2011–more than a year after the December 24, 2009 deadline. As such, his § 2255 motion is untimely. Petitioner acknowledges this issue, but he argues that the filing deadline should be equitably tolled due to the fact that he is only literate in the Spanish language, the prison law library does not have sufficient legal materials written in Spanish, he was unable to obtain translation assistance, he was unable to find someone to assist him in preparing this motion until November of 2010, and he was misadvised by jailhouse lawyers that he had no grounds for relief.

In order to obtain equitable tolling of the AEDPA's filing deadline, Petitioner was required to establish two things: (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. See Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)(citation omitted). "Equitable tolling is only granted in 'extraordinary' circumstances." Brown v. U.S., 318 Fed. Appx. 749, 750 (11th Cir. 2008).

Being negligently misadvised by jailhouse lawyers is not an extraordinary circumstance that provides a basis for equitable tolling.² See Rolon-Ayala v. U.S., 2010 WL 3069503, at *1 (M.D. Fla. Aug. 3, 2010). Likewise, a limited ability to communicate in English is not a basis

---

¹A petition for a writ of certiorari must be filed within 90 days after the entry of the judgment being appealed. 28 U.S.C. § 2101(c).

²The fact that Petitioner was able to communicate with jailhouse lawyers about his case somewhat undermines his argument that his failure to read English prevented him from being able to timely file his motion, because Petitioner has not explained why he did not ask the jailhouse lawyers for help translating the legal materials.

3

for equitable tolling. See Brown, 318 Fed. Appx. at 750; U.S. v. Montano, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005).

The Court notes that there is no evidence, beyond Petitioner's conclusory allegations, that: (1) the prison law library does not have sufficient legal materials written in Spanish; (2) he was unable to obtain translation assistance; and (3) he was unable to find someone to assist him in preparing his § 2255 motion until November of 2010. Additionally, the Court notes that Petitioner does not identify what specific legal materials he wanted and whether he made a request for such materials to be provided in Spanish. He also does not allege when and from whom he requested translation assistance. Finally, the Court notes that Petitioner states in his motion that the person who assisted him with the drafting of the instant motion arrived at the prison in July of 2009–approximately five months prior to the December 24, 2009 filing deadline. Thus, the Court finds that Petitioner has not shown that he acted diligently or that extraordinary circumstances prevented his timely filing. As a result, the Court finds that Petitioner has not shown that equitable tolling is warranted. See U.S. v. Pugliesse, 2010 WL 4942749, at *1 (M.D. Fla. Nov. 29, 2010)(rejecting the petitioner's equitable tolling argument based on his inability to speak or read English, his lack of access to law books in Spanish, and lack of access to inmate law clerks that spoke Spanish); Snorsky v. Secretary, Dept. of Corrections, 2010 WL 1730699, at *1 (M.D. Fla. April 28, 2010)(rejecting the petitioner's argument for equitable tolling because he spoke very little English and could not read or write); U.S. v. Gilbert-Alvarez, 2006 WL 3761888, at *7 (S.D. Tx. Dec. 21, 2006)(rejecting the petitioner's equitable tolling argument based on his inability to read English, his lack of access to law books in Spanish, and lack of access to inmate law clerks that spoke Spanish). Therefore,

because his § 2255 motion was not timely filed, it must be denied.

### III. Conclusion

Accordingly, Petitioner's § 2255 motion (CV Doc. No. 1; CR Doc. No. 153) is **DENIED** as time-barred. The Clerk is directed to close the civil case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE AND ORDERED** at Tampa, Florida, this 19th day of January, 2011.

Copies to:
Counsel of Record
Pro Se Petitioner

SUSAN C. BUCKLEW
United States District Judge